**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AMANDA HULL,

    **Plaintiff,**

vs.                          **Case No. 8:25-cv-02621-KKM-TGW**

ARCHER WESTERN CONSTRUCTION, LLC,
A FOREIGN LIMITED LIABILITY COMPANY,
AND THE WALSH GROUP LTD, INC.
A FOREIGN FOR PROFIT CORPORATION,

    **Defendants.**

_____/

## DEFENDANT ARCHER WESTERN CONSTRUCTION, LLC'S AMENDED ANSWER TO PLAINTIFF AMANDA HULL'S COMPLAINT

Defendant Archer Western Construction, LLC ("Defendant"), by and through its undersigned attorneys Kelley Drye & Warren LLP, as and for its Amended Answer and Affirmative Defenses ("Answer") to the Complaint and Demand for Jury Trial ("Complaint"), filed by Plaintiff Amanda Hull ("Plaintiff"), hereby states as follows:

### INTRODUCTION[1]

1.    Defendant admits that Plaintiff purports to bring claims under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., the Florida Whistleblower Act ("FWA"), Fla. Stat. § 448.101 et seq., and for workers' compensation retaliation pursuant to Fla. Stat. § 440.205, et seq.

---

[1]    For ease of reference, WNS's Answer duplicates the headings and subheadings contained in the Complaint. Although Defendant believes that no response is required to such headings and subheadings, to the extent a response is deemed required and to the extent those headings, subheadings, and titles could be construed to contain factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

2.    The allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

3.    The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required.

4.    The allegations in Paragraph 4 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## PARTIES

5.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, except Defendant admits that Plaintiff worked for Defendant from approximately February 2022 to February 2025.

6.    Defendant denies the allegations contained in Paragraph 6, except Defendant admits it is a limited liability company conducting business in Florida.

7.    Defendant denies the allegations contained in Paragraph 7 of the Complaint, except Defendant admits that The Walsh Group is a corporation.

8.    The allegations in Paragraph 8 is a legal conclusion to which no response is required.

## FACTUAL ALLEGATION

6.    Defendant denies the allegations contained in this paragraph, except Defendant admits Plaintiff was hired by Defendant as an Administrative Assistant.

7.    Defendant admits the allegations contained in this paragraph.

8.    Defendant denies the allegations contained in this paragraph.

9.    Defendant denies the allegations contained in this paragraph.

10.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     Defendant denies the allegations contained in this paragraph, except Defendant admits Plaintiff reported two IDs to Dan Horvath.

12.     Defendant denies the allegations contained in this paragraph.

13.     Defendant denies the allegations contained in this paragraph.

14.     Defendant denies the allegations contained in this paragraph.

15.     Defendant denies the allegations contained in this paragraph.

16.     Defendant denies the allegations contained in this paragraph.

17.     Defendant denies the allegations contained in this paragraph.

18.     Defendant denies the allegations contained in this paragraph.

19.     Defendant denies the allegations contained in this paragraph.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.     Defendant denies the allegations contained in this paragraph.

23.     Defendant denies the allegations contained in this paragraph.

24.     Defendant denies the allegations contained in this paragraph.

25.     Defendant denies the allegations contained in this paragraph, except that Defendant admits that Plaintiff met with Defendant's legal counsel on or around September 6, 2023.

26.     Defendant denies the allegations contained in this paragraph.

27.     Defendant denies the allegations contained in this paragraph.

28.     Defendant denies the allegations contained in this paragraph.

29.     Defendant denies the allegations contained in this paragraph, except that Defendant admits Mr. Horvath spoke with Plaintiff on or about March 20, 2024.

30.     Defendant denies the allegations contained in this paragraph, except that Defendant admits Plaintiff worked on April 15, 2024.

3

31.    Defendant denies the allegations contained in this paragraph.

32.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33.    Defendant denies the allegations contained in this paragraph.

34.    Defendant denies the allegations contained in this paragraph.

35.    Defendant denies the allegations contained in this paragraph.

36.    Defendant denies the allegations contained in this paragraph.

37.    Defendant denies the allegations contained in this paragraph.

38.    Defendant denies the allegations contained in this paragraph.

39.    Defendant denies the allegations contained in this paragraph.

40.    Defendant denies the allegations contained in this paragraph.

41.    Defendant denies the allegations contained in this paragraph.

42.    Defendant denies the allegations contained in this paragraph.

43.    Defendant denies the allegations contained in this paragraph.

44.    Defendant denies the allegations contained in this paragraph.

45.    Defendant denies the allegations contained in this paragraph.

46.    Defendant denies the allegations contained in this paragraph.

47.    Defendant denies the allegations contained in this paragraph.

48.    Defendant denies the allegations contained in this paragraph.

49.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

50.    Defendant denies the allegations contained in this paragraph.

51.    Defendant denies the allegations contained in this paragraph.

52.    Defendant denies the allegations contained in this paragraph.

53.    Defendant denies the allegations contained in this paragraph.

54.    Defendant denies the allegations contained in this paragraph.

55.     Defendant denies the allegations contained in this paragraph.

56.     Defendant denies the allegations contained in this paragraph, except that Defendant admits the Leave Specialist called Plaintiff, which was unanswered, and emailed Plaintiff stating that Plaintiff had until the end of the day to submit the required medical documentation to support her request for leave or return to work with accommodations.

57.     Defendant denies the allegations contained in this paragraph, except that Defendant admits Plaintiff was informed that she was terminated effective February 10, 2025 due to a failure to provide medical documentation.

58.     Defendant denies the allegations contained in this paragraph.

59.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT I

## FMLA INTERFERENCE

61.     Defendant repeats and re-alleges every response set forth in Paragraphs 1-61 of the Answer, as if fully set forth herein.

62.     The allegations in this paragraph are legal conclusions to which no responses is required. To the extent a response is required, Defendant denies the allegations.

63.     The allegations in this paragraph are legal conclusions to which no responses is required. To the extent a response is required, Defendant denies the allegations.

64.     Defendant denies the allegations contained in this paragraph.

65.     Defendant denies the allegations contained in this paragraph.

66.     Defendant denies the allegations contained in this paragraph.

67.     Defendant denies the allegations contained in this paragraph.

68.     Defendant denies the allegations contained in this paragraph.

69.     Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief set forth in the WHEREFORE paragraph following Paragraph 69 of the Complaint.

## COUNT II

## FMLA RETALIATION

70.    Defendant repeats and re-alleges every response set forth in Paragraphs 1-69 of the Answer, as if fully set forth herein.

71.    The allegations in this paragraph are legal conclusions to which no responses is required. To the extent a response is required, Defendant denies the allegations.

72.    Defendant denies the allegations contained in this paragraph.

73.    Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief set forth in the WHEREFORE paragraph following Paragraph 73 of the Complaint.

## COUNT III

## FLORIDA WHISTLEBLOWER ACT RETALIATION

74.    Defendant repeats and re-alleges every response set forth in Paragraphs 1-73 of the Answer, as if fully set forth herein.

75.    Defendant denies the allegations contained in this paragraph.

76.    The allegations in this paragraph are legal conclusions to which no responses is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

77.    The allegations in this paragraph are legal conclusions to which no responses is required. To the extent a response is required, Defendant denies the allegations.

78.    Defendant denies the allegations contained in this paragraph.

79.    Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief set forth in the WHEREFORE paragraph following Paragraph 79 of the Complaint.

## COUNT IV

## WORKERS' COMPENSATION RETALIATION

80.    Defendant repeats and re-alleges every response set forth in Paragraphs 1-7 and 44-60 of the Answer, as if fully set forth herein.

81.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

82.    Defendant denies the allegations contained in this paragraph, except that Defendant admits Plaintiff submitted a workers' compensation claim.

83.    Defendant denies the allegations contained in this paragraph.

84.    Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief set forth in the WHEREFORE paragraph following Paragraph 84 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of them. Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of litigation.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted or upon which damages can be sought because, among other reasons, Defendant did not retaliate against Plaintiff on the basis of any alleged protected activity.

## SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, by the applicable statutes of limitations and/or administrative filing periods.

7

## THIRD AFFIRMATIVE DEFENSE

All actions taken by Defendant and about which the Complaint complains were taken for legitimate non-retaliatory business reasons and were undertaken in good faith and in compliance with all applicable laws. Alternatively, Defendant would have taken the same employment actions toward Plaintiff despite any alleged retaliatory motive, which Defendant nonetheless denies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there was no retaliatory motive on the part of Defendant and/or because Plaintiff did not engage in a protected activity.

## FIFTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, waiver, estoppel, laches, or other equitable defenses.

## SIXTH AFFIRMATIVE DEFENSE

All actions taken by Defendant were based upon good cause.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant had policies in effect prohibiting retaliation, and an effective complaint procedure that was known and available to all employees. To the extent Plaintiff availed herself or did not avail herself of Defendant's policies and procedures, Defendant engaged in a course of conduct consistent with those policies and procedures.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has no damages or, alternatively, to the extent that Plaintiff has suffered any damages alleged, such damages were not caused by Defendant but by the acts and/or omissions of others and/or Plaintiff, including Plaintiff's failure to mitigate or avoid the damages complained of in her Complaint, if any.

## NINETH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee whose employment could be terminated at any time, for any reason or no reason, with or without notice.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages, Plaintiff's claim for punitive damages is barred as a matter of law and/or because Defendant acted in good faith, and did not act willfully or with malice or reckless indifference towards Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under Florida's Whistleblower Act in that Plaintiff failed to advise Defendant in writing or otherwise of a law, rule, or regulation Defendant allegedly violated.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, may not be litigated in court because some or all of said claims are subject to individual, mandatory, final and binding arbitration pursuant to Plaintiff's employment contract.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of their Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant recovers all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4.      That the Court grant Defendant such other and further relief as it deems just and proper.

Judy H. Juang (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
350 South Grand Ave, Suite 3800
Los Angeles, CA 90071
T:(213) 547-4900
F:(213) 547-4901
JJuang@KelleyDrye.com