**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AMANDA HULL,

     Plaintiff,

v.                                Case No. 8:25-cv-2621-KKM-TGW

ARCHER WESTERN CONSTRUCTION,
LLC, et al.,

     Defendants.

_____

## MEDIATION ORDER

     Consistent with the parties' mediation notice (Doc. 29) and Local Rule 4.03, the following is **ORDERED**:

     (1)    The following individual is appointed by the Court to serve as mediator:

| | |
|---|---|
| **Name of Mediator:** | **Shane Munoz** |
| **Date and Time of Mediation:** | **August 11, 2026, at 10:00 a.m.** |
| **Place of Mediation:** | **Zoom** |

     (2)    **Good Faith Requirement**: All parties shall participate in good faith in mediation to minimize costly pretrial procedures in a case that may be equitably settled and to secure the just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1, 16(a)(5).

     (3)    **Lead Counsel Responsibilities**: Lead Counsel shall provide copies to the selected or appointed mediator of any pleadings or orders filed in the case that relate to or impact the mediation process.

(4)    **General Rules Governing the Mediation Conference**: Although the mediation process is defined in Chapter Four of the Local Rules of this Court, the following additional guidelines are hereby imposed:

(a)    **Case Summaries**: Not later than five (5) working days prior to the scheduled mediation conference, each party shall mail, facsimile, or email directly to the mediator, with a copy to opposing counsel, a brief written summary of the facts and issues of the case. Such summaries shall be treated as confidential communications and shall not be incorporated into the public records of the case.

As part of the written case summaries, counsel for corporate parties and claims professionals shall state the name and general job description of the employee or agent of the corporation who will attend and participate on behalf of the corporate party. Such representative must have full authority to settle the case.

(b)    **Attendance Requirements and Sanctions**: Each attorney acting as lead trial counsel and each party (and in the case of a corporate party, a corporate representative) with full authority to settle shall attend and participate in the mediation conference. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. The Court will impose sanctions upon parties for unexcused absences or departures from mediation under Local Rule 4.03(e).

(c)    **Authority of the Mediator**: The mediator shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives, and claims professionals to suggest alternatives, analyze issues, question perceptions, use logic, stimulate negotiations, and keep order.

(d)    **Authority to Declare Impasse**: Participants should be prepared to spend as much time as necessary in a good faith effort to settle the case. Only the mediator may declare an impasse or end the mediation.

(e)  **Mediator's Report**: **Within seven (7) days following the mediation conference, the Lead Counsel shall file a "Mediation Report" completed by the Mediator** setting forth the results thereof. A copy of the Mediation Report form is included as an attachment to this Order.

(f)  **Compensation of the Mediator**: Absent agreement of the parties and the mediator, mediators shall be compensated at a reasonable hourly rate agreed to by the parties or provided by order of the Court, after consideration of the amount in controversy, nature of the dispute, the resources of the parties, the prevailing market rate for mediators in the applicable market, the skill and experience of the mediator, and other pertinent factors. Unless altered by order of the Court or otherwise agreed to by counsel, the cost of the mediator's services shall be shared equally by all parties.

(g)  **Confidentiality**: As recognized by Local Rule 4.03(g), the substance of mediation is confidential, and no party, lawyer, or other participant is bound by, may record, or without the judge's approval may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during mediation.

(5)  **Last Day to Mediate**: The parties shall complete the mediation conference on or before the mediation deadline. **Neither the mediator nor the parties have authority to continue the mediation conference beyond the mediation deadline except on express order of the Court.**

In any complex case or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that the mediation is complete by the mediation deadline.

(6)  **Failure to Comply**: Should any of the parties fail to comply with the terms of this Order, appropriate sanctions may be imposed.

The parties are urged to take full advantage of this opportunity to amicably resolve the issues herein. However, the mediation process shall not serve as a basis for any motion to continue the trial of the case. Should mediation prove unsuccessful, the case shall remain on its present course for pretrial conference and trial.

4

**ORDERED** in Tampa, Florida, on February 27, 2026.

Kathryn Kimball Mizelle
United States District Judge

Attachment:
Mediation Report

4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AMANDA HULL,

      Plaintiff,

v.                                Case No. 8:25-cv-2621-KKM-TGW

ARCHER WESTERN CONSTRUCTION,
LLC, et al.,

      Defendants.

_____

**MEDIATION REPORT**

In accordance with the Court's mediation order(s), a mediation conference was held on _____, 20_____, and the results of that conference are indicated below:

(a)      The following individuals, parties, corporate representatives, and/or claims professionals attended and participated in the mediation conference, and each possessed the requisite settlement authority:

           _____ All individual parties and their respective trial counsel.
           _____ Designated corporate representatives.
           _____ Required claims professionals.

(b)      The following individuals, parties, corporate representatives, and/or claims professionals failed to appear and/or participate as ordered:

           _____
           _____
           _____

(c)      The outcome of the mediation conference was:

\_\_\_\_\_ **The case has been completely settled**.

\_\_\_\_\_ **The case has been partially resolved** and lead counsel has been instructed to file a joint stipulation regarding those claims which have been resolved within ten (10) days. The following issues remain for this Court to resolve:

_____
_____
_____

\_\_\_\_\_ **The mediation has been continued to**: (list date and time:)

_____
(Requires Court approval.)

\_\_\_\_\_ **The parties have reached an impasse**.

**Done this** _____ day of _____, 20\_\_\_\_\_.

_____
Signature of Mediator

_____
Name of Mediator

_____
Mailing Address

_____
City, State, and Zip Code

_____
Telephone Number

<u>Copies furnished to:</u>
Counsel/Parties of Record

2